BROWN, Chief Judge.
| plaintiff, Brandon David Robinson, filed suit on September 24, 2013, against defendant, Moore Finance Co„ Inc., for rescission of the sale of a 2003 Ford Mustang based on defendant’s failure to comply with the mandatory provisions of La. R.S. 32:706.1, which require written notice of a vehicle’s reconstructed status prior to completion of a sale. The trial court, based upon Robinson’s own testimony, as well as that of the notary who executed the title transfer, found that, prior to the purchase, plaintiff received a copy of the car’s title which displayed in all cap lettering “RECONSTRUCTED VEHICLE” and “NOT ACTUAL MILEAGE,” .and, that having read this notification prior to the purchase, Robinson was duly advised of the vehicle’s reconstructed status prior to completion of the .sale. Judgment dismissing plaintiff’s claim and a reconventional demand filed by defendant was rendered by the trial court. It is from, this adverse judgment that plaintiff has appealed.

Discussion

Plaintiff has assigned as error the trial court’s determination that defendant fulfilled its duty to notify him in writing of the Mustang’s reconstructed status prior to completion of the sale as required by La. R.S. 32:706.1. The basis for Robinson’s complaint, however, is that he was misled and/or riot' informed by defendant’s representative, the salesperson at the car lot, that the Mustang had been involved in prior accidents. According to plaintiff, had he known that “reconstructed” actually meant rebuilt or reconstructed due to involvement in a wreck or accident, he would never have gone through with the purchase.
| aCourts of Appeal apply the manifest error standard of review in civil cases. Detraz v. Lee, 05-1263 (La.01/17/07), 950 So.2d 557. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Snider v. Louisiana Medical Mutual Ins. Co., 14-1964 (La.05/05/15), 169 So.3d 319; Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court must do something more than simply review the record for some evidence that may controvert the trial court ruling. Rather, a review of the entire record to determine whether manifest error-has occurred is required. Snider, supra. The issue, before the court of appeal *1081 is not whether the trier of fact was right or wrong, but whether the fact-finder’s .conclusion was a reasonable one. Id.; Clay v. Our Lady of Lourdes Regional Medical Center, 11-1797 (La.05/08/12), 93 So.3d 536. Where the fact-finder’s' determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never bé manifestly erroneous. Id.
The lower court’s judgment in favor of defendant is based on its conclusion that plaintiff was given proper notice of the Mustangos status as a reconstructed vehicle prior to completion of the sale, and therefore he was not entitled to rescission. We will review the testimony presented at the trial of this matter to determine whether this factual finding made by the trial court was clearly wrong or manifestly •erroneous. The following discussion |3of the testimony is excerpted from the trial court’s oral reasons for judgment:
[Brandon Robinson] testified that he purchased the vehicle and asked if the vehicle had been involved in an accident, and that shortly after the purchase he was noticing that the hood was out of alignment, which brought his attention to the fact that it may have been involved in an accident[1] ... [H]e réturned to the dealership and attempted to rescind the sale....
[T]he Court does find it important that Mr. Robinson, after the purchase of the [car], ran a Carfax check-on the vehicle, . and in turn wanted to rescind the sale of the vehicle based on what,he found out. Most significantly, however, of Mr. Robinson’s testimony is ... that [he] said that he did see on the certificate of title the words “reconstructed vehicle, not, actual mileage,” and that he saw that when he went to the Moore Finance Company to pay for the: vehicle. There was testimony that in order to purchase a car from this dealership, in, cash that the purchaser must actually go to the Moore Finance Company office and deliver the cash there as opposed to handing the cash to .one of the salespeople at the dealership_ He did testify that he saw “reconstructed vehicle, not actual mileage” on the certificate .of title, and -that there.was some discussion concerning that.,..
Amy Lee was the Notary Public on this, and- (the certificate of title was also signed by Lewellyn.Harkness_ Ms. Lee testified that had [Mr. Robinson] no.t wanted to follow through with the sale because of [the “reconstructed vehicle, not actual mileage”] notification, then he was certainly entitled to do so. Mr. Robinson did follow through with the sale and signed the certificate of title, handed his cash to someone at Moore Finance Company, and left with the vehicle. It was not until a few days afterward' that Mr. Robinson became dissatisfied with the' sale, rah a Carfax check of the vehicle, and apparently found out that the vehicle had been involved in some accidents....
[T]he salesperson ... Cindy Anderson ... testified that Mr. Robinson came to the car lot three occasions looking at the vehicle. She testified that she informed [plaintiff] ... that there were some pins in |4the hood to hold the hood down so that it would not fly open, and that the *1082 hood was not in proper alignment. She assumed that was from a prior accident, that this was all discussed prior to the sale. And she further testified that she didn’t know of any particular accidents, that they don’t run checks on that, but that the hood was out of alignment, ... Mr. Robinson testified that the hood was out of alignment, and that was plainly visible. Mr. Robinson also testified that he had looked at the car several times prior to the actual purchase.
The trial court considered all of the testimony, but found, based upon plaintiffs own statement regarding his receipt of the car title with its bold, visible printed notice of the car’s reconstructed status prior to completion of the sale, that defendant complied with the requirements of La. R.S. 32:706.1 such that plaintiff was not entitled to rescission of the sale. While we are sympathetic with plaintiffs cause, we cannot say that the trial court’s ruling was clearly wrong or manifestly erroneous and are constrained to affirm the lower court’s judgment.

Conclusion

For the reasons set forth above, we AFFIRM the judgment of the lower court.

. We note that Brandon Robinson also stated that he told Cindy Anderson and another salesperson that he wanted to buy a vehicle that had not been in any accidents and that Ms. Anderson assured him that the Mustang he was looking at had not been in any accidents. According to Robinson, Ms. Anderson told him when the car came in, it was a hot rod, and that they had to exchange out the parts for street legal parts, and another salesperson told Robinson that "as far as he knows" the mileage shown was the correct mileage. - .